# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KALIE MUTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION |
| VS. | ) FILE NO.: 1:19-cv-02623-LMM |
| | ) |
| | ) **ORAL ARGUMENT** |
| INDIAN RIVER TRANSPORT, CO., | ) **REQUESTED**[1] |
| AND DAVID HILL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' OMNIBUS MOTION IN LIMINE
## AND BRIEF IN SUPPORT THEREOF

In accordance with the Consolidated Pretrial Order (Dkt. No. 75) and the Standard Order Regarding Civil Litigation (Dkt. No. 2), Defendants Indian River Transport, Co. ("IRT") and David Hill (collectively, "Defendants") move this Court for an order in limine prohibiting all parties, counsel, or witnesses from testifying, suggesting, referencing, arguing, or commenting upon the following matters in the presence of the jury, whether during voir dire, opening statement, during the testimony of any witness, or during any statement of an objection:

---

[1] Under Rule III(p) of the Standing Order issued in this case (Dkt. No. 2) Jason Vuchinich will argue this motion. Mr. Vuchinich is a 2017 graduate of the University of Georgia, first admitted to practice law in November 2017.

I. Plaintiff's Future Medical Expenses;

II. Evidence Related to Plaintiff's Now-Dismissed Direct Liability Claims Against IRT;

III. Witness Statements Related to the Accident;

IV. Financial Status of the Parties;

V. Admission of Evidence Not Previously Produced and Documents Not Previously Addressed in the Pretrial Order;

VI. "Send a Message" and/or Punishment Arguments;

VII. Medical Opinion Testimony by Lay Witnesses; and

VIII. Asking Jurors to Put Themselves in Plaintiff's Place.

## **INTRODUCTION**

This matter arises from a July 12, 2017, motor vehicle accident on Highway 316 in Gwinnett County, Georgia, involving Plaintiff Kalie Mutter ("Plaintiff"), Defendant David Hill ("Mr. Hill"), and others ("Accident"). *See generally* Consolidated Pretrial Order, Dkt. No. 75. Mr. Hill was driving in the course and scope of his duties for Defendant IRT; he and IRT both admit they are liable for Mr. Hill's negligence in causing the Accident. Plaintiff alleges personal injuries as a result of the Accident. To streamline the trial of this case, Defendants seek Court rulings on these motions in limine.

# ARGUMENT AND CITATION OF AUTHORITY

## I. *Legal Standard*

"[M]otion[s] in limine" refer to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Gold Cross Ems, Inc. v. Children's Hosp. of Alabama*, 309 F.R.D. 699, 700 (S.D. Ga. 2015) (internal citation and punctuation omitted). "The court has discretion to grant a motion in limine to exclude arguments and evidence in advance of trial." *Putnam v. Henkel Consumer Adhesives, Inc.*, 1:05-CV-2011-BBM, 2008 WL 11403201, at *2 (N.D. Ga. Jan. 4, 2008); *see also Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002) ("[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine.").

## II. *Argument About Future Medical Expenses Should Be Prohibited Because There Is No Evidence In The Record To Support It*

Plaintiff identified future medical expenses as a purported element of damages. *See* Dkt. No. 75, p. 42. There is no evidence in the record about what, if any, future medical expenses Plaintiff may incur. "Where no evidence is presented from which the jury can ascertain except by mere speculation and conjecture that the plaintiffs would ever have future medical expenses, a charge on this subject is

erroneous." *Wayco Enterprises, Inc. v. Crews*, 272 S.E.2d 745, 747 (Ga. Ct. App. 1980).[2]

Plaintiff's treating physician, Dr. Shahram Rezaiamiri, testified that Plaintiff may experience pain the future. He did not offer any testimony, however, about future medical care or related costs. *See* Dkt. No. 75: Depo. of Dr. Rezaiamiri, pp. 35-36. Nor did any other witness offer such testimony. Without that evidence, Plaintiff is not entitled to recover – or even seek - future medical expenses. *See, e.g.*, *Gusky v. Candler General Hosp., Inc.*, 385 S.E.2d 698, 702 (Ga. Ct. App. 1989) ("To warrant future medical expenses, there must be evidence that the injury will require that future medical attention."); *Clayton Co. Bd. of Ed. v. Hooper*, 198 S.E.2d 373 (Ga. Ct. App. 1973) (physician's testimony, while sufficient to establish that plaintiff would likely experience future pain and suffering as a result of injury, was insufficient to establish plaintiff's condition would require future medical expenses); *Daugherty v. Vick*, 195 S.E.2d 208 (Ga. Ct. App. 1972)

---

[2] Proof of future medical expenses is a matter of substantive law; accordingly, state law applies. *See e.g., Mallette v. Nash*, No. 4:10-CV-13 CDL, 2011 WL 720201, at *1 (M.D. Ga. Feb. 22, 2011) ("Plaintiff intends to introduce evidence at trial that he will incur future medical expenses proximately caused by Defendant's negligence. Under Georgia law, such expenses are recoverable if they are proven with reasonable certainty.").

(evidence that plaintiff's injuries were permanent found insufficient to establish that plaintiff would incur future medical expenses as a result of such injuries).

The Eleventh Circuit agrees, finding that a plaintiff alleging future medical expenses must "prove with reasonable certainty not only that [s]he will sustain future medical expenses, but also the amount of such expenses." *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1507 (11th Cir. 1985) (citing Georgia case law). Indeed, "[t]o warrant future medical expenses, there must be evidence that the injury will require that future medical attention." *See Gusky v. Candler Gen. Hosp., Inc.*, 385 S.E.2d 698, 702 (Ga. Ct. App. 1989).

There is no such evidence in the record. The Eleventh Circuit has held that "[i]t is error for a trial court to submit a claim for future medical expenses to the jury if, to make an award, the jury must engage in sheer speculation." *See Hendrix*, 776 F.2d at 1507. In that regard, "[t]he factfinder's calculation of the reasonable value of [p]laintiff's future medical expenses cannot be based on [ ] guesswork." *See Mallette v. Nash*, 4:10-CV-13 CDL, 2011 WL 720201, at *3 (M.D. Ga., Feb. 22, 2011).

Plaintiff cannot seek future medical expenses as any such award would be unsupported by the evidence and would stem from speculation and guesswork, which contravenes controlling law. As a result, Defendants ask this Court to

exclude any testimony or argument about, or reference to, potential future medical expenses.

### III. *Evidence and Argument Related to Direct Liability Claims for Negligent Hiring, Training, and Entrustment Is Inadmissible*

In its answer, IRT admitted vicarious liability for Mr. Hill's conduct. *See* Dkt. No. 4 ¶ 19. In the Consolidated Pretrial Order, Defendants again concede they are liable to Plaintiff. *See* Dkt. No. 75 ¶ 8. As a result, the Parties agreed to dismiss, via a consent motion, Plaintiff's claims for negligent hiring, training, and entrustment against IRT. This Court then entered an order dismissing these direct liability claims against IRT. *See* Dkt. No. 58. This Court also dismissed Plaintiff's claim for punitive damages. *See* Dkt. No. 67.

In light of the foregoing, the only issues to be decided by the jury are the scope and extent of Plaintiff's claimed injuries and whether the medical treatment Plaintiff elected to receive was reasonable and/or necessary.[3] Any evidence or reference to IRT's hiring or training of Mr. Hill does not affect these issues. The same is true for IRT's decision to entrust the tractor-tanker to Mr. Hill.

---

[3] This latter issue is highlighted by the fact that Plaintiff seeks a pre-trial order that would prevent the jury from knowing, among other things, that Plaintiff's original attorney sent Plaintiff to treat with a surgeon with whom he has a long-standing professional relationship and who refused to accept payment from Plaintiff's insurance provider in order to assert a medical lien on any recovery the Plaintiff may obtain.

Plaintiff's Outline of the Case does not mention evidence concerning IRT's hiring, training, or entrustment to Mr. Hill, only that Mr. Hill was acting in the course and scope of his employment with IRT. *See* Dkt. No. 75, Attachment C. Plaintiff's exhibit list does, however, include the following documents: IRT's Accident Call Record; IRT's Driver Manual; Mr. Hill's Employee File; IRT's Employee Warning Notice dated 4/20/2014; IRT's Driver Comments Report dated 6/22/14; and IRT's Cell Phone Policy Signed on 06/04/2013. *See* Dkt. No. 75, Attachment G.

These documents and any testimony are irrelevant to any issue to be decided by the jury. *See Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 463 S.E.2d 358, 360-61 (Ga. Ct. App. 1996) ("…a defendant employer's admission of liability under respondeat superior establishes the liability link from the negligence of the driver rendering proof [i.e., evidence] of negligent entrustment unnecessary and irrelevant.") (citations and internal punctuation omitted); *see also Powell v. Variety Wholesalers, Inc.*, CV 617-58, 2018 WL 3349702, at *5 (S.D. Ga. July 9, 2018) (same); *see also Oaks v. Wiley Sanders Truck Lines, Inc.*, CIV.A. 07-45-KSF, 2008 WL 5459136, at *1 (E.D. Ky. Nov. 10, 2008) ("Once an employer defendant has admitted liability to plaintiff for its employee's negligence, the evidence

laboriously submitted to establish [negligent hiring, training, retention, supervision and entrustment] serves no purpose.").

Given the foregoing, the admission of this evidence would only allow Plaintiff to prejudicially pile onto IRT despite the fact IRT has already conceded liability and admitted it is responsible for Mr. Hill's conduct. Georgia law precludes such evidence in that context. *See Coleman v. Arvey*, 1:14-CV-994-MHS, 2015 WL 12851557, at *6 (N.D. Ga. May 7, 2015) (after defendant employer "admitted to vicarious liability for defendant [employee's] actions through respondeat superior[,]" claim of "negligent hiring, training, supervision, and retention" was "dismissed as redundant . . . . [T]hese claims will necessarily require the introduction of prejudicial and otherwise inadmissible evidence of defendant [employee's] prior driving history." Citing *Bartja, supra*).

Moreover, this Court previously granted Defendants' motion to dismiss Plaintiff's punitive damages claim. See Doc. 67, p. 7. As a result, evidence and commentary about Plaintiffs' now-dismissed direct liability claims, and any documents related to or resulting therefrom, serve no purpose except to unfairly prejudice IRT and potentially inflame the jurors' perception of Defendants. *Bartja* at 361 ("In cases alleging both respondeat superior and negligent entrustment against an employer for the acts of its driver where no punitive damages are

sought, we have stated that a defendant employer's admission of liability under respondeat superior establishes "the liability link from the negligence of the driver ... rendering proof of negligent entrustment unnecessary and irrelevant.") (citing *Thomason v. Harper*, 289 S.E.2d 773 (1982)). Given the foregoing, Defendants ask this Court to exclude this evidence and prohibit any reference to same.

## IV. *Witness Statements Contained In Written Statements, Accident Reports, And 911 Calls Constitute Irrelevant And Inadmissible Hearsay*

In her portion of the pretrial order, Plaintiff identified the following exhibits that contain inadmissible hearsay: Georgia Uniform Motor Vehicle Accident Report; witness statements obtained by Gwinnett County Police Department; Gwinnett County Detailed History for Police Event Report; Gwinnett County Detailed History for Fire Event Report; and Gwinnett County EMS Incident Report. *See* Dkt. No. 75, Attachment G.

These documents contain statements made by out-of-court declarants. If introduced to prove that the contents of those statements are true, Plaintiff would be attempting to introduce inadmissible hearsay. Fed. R. Evid. 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the

matter asserted in the statement." *Id.* Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or the US Supreme Court provides otherwise. *See* Fed. R. Evid. 802.

Defendants anticipate Plaintiff will argue that these records, while hearsay, fall under the business record exception provided by Fed. R. Evid. 803(6), or as a public record under Fed. R. Evid. 803(8). But, for these exceptions to apply, "the report must contain 'factual findings' that are 'based upon the knowledge or observations of the preparer of the report,' as opposed to a mere collection of statements from a witness." *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009). Further, "[i]t is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983); *see also Miller v. Field,* 35 F.3d 1088, 1093 (6th Cir. 1994) (holding that district court should have admitted "only those portions of the [police] reports that constituted either factual findings resulting from the firsthand knowledge of the report's preparer or opinions and conclusions derived from those facts"); *Colvin v. United States,* 479 F.2d 998, 2003 (9th Cir.1973) (explaining that "entries in a police

report based on an officer's observation and knowledge may be admitted, but statements attributed to other persons are clearly hearsay, and inadmissible").

Plus Defendants have admitted fault for the Accident. As a result, much of this evidence is irrelevant, redundant, and prejudicially cumulative. Plaintiff and Mr. Hill will both provide testimony about how the Accident occurred, with Mr. Hill accepting responsibility. Inadmissible hearsay from Plaintiff's exhibits offers no probative value. To this point, courts have repeatedly refused to allow evidence of fault when a defendant has already admitted same. *See Genesis Ins. Co. v. Wausau Ins. Co.*, 343 F.3d 733, 735 (5th Cir. 2003) (finding that stipulation as to liability leaves only the issue of damages for the jury); *see also Evoy v. CRST Van Expedited, Inc.,* 430 F. Supp. 2d 775, 780 (N.D. Ill. 2006) (acknowledging that, in a different case, Illinois Supreme Court was correct to exclude evidence regarding defendant's passing maneuver and failure to stop, as this evidence "only tended to show that defendant was negligent and generally unconcerned about the well-being of the decedent, two points that would be irrelevant in a case of admitted liability."); *see also Turner v. Sw. La. Hosp. Ass'n*, 856 So. 2d 1237, 1243 (La. Ct. App. 2003) (upholding trial court's decision to strike "the testimony of three witnesses who were to testify regarding liability[,]" finding the issue of liability irrelevant to trial on damages); *see also Sumrall v. Butler*, 102 Cal. App. 2d 515,

519 (Cal. Ct. App. 1951) (finding that where liability was admitted at the beginning of trial, evidence not relevant to the question of damages was not admissible). As a result, Defendants ask this Court to exclude Plaintiff's exhibits identified above, or, in the alternative, order the redaction of all portions containing hearsay consistent with the legal arguments herein.

V.   *Financial Status of the Parties.*

Any comment, reference, suggestion or inference or the introduction of any evidence by Plaintiff's counsel as to the financial status of the parties to this suit should be excluded at trial. The size of the Defendants, specific clients, and profits are irrelevant to any matter to be determined at the trial of this matter. Fed. R. Evid. 401, 402, and 403; *See Denton v. Conway Express, Inc.*, 261 Ga. 41, 42 (1991) (overturned on other grounds) ([C]ourts have consistently held that neither the wealth of the plaintiff nor the defendant is relevant"); *Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (1955) ("[E]vidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved"). Such evidence can only serve to improperly suggest the Defendants have significant assets to pay a substantial verdict award. Therefore, the Defendants request that all evidence suggesting the wealth of the Defendants be excluded, including but not limited to, the following:

assets or other reference to the size of the Defendants, including number of employees, offices or equipment owned by the company, number of states in which the company does business, or the number of customers serviced. Fed. R. Evid. 401, 402, and 403.

> VI. *Admission of Evidence Not Previously Produced and Documents Not Previously Addressed in the Pre-Trial Order.*

Any comment, reference, suggestion or inference or the introduction of any evidence by Plaintiff's counsel regarding any testimony or documentary or other evidence which Plaintiff or her agents or witnesses failed or refused to produce in discovery, either due to objection or otherwise, in accordance with the Federal Rule of Civil Procedure 26, should be excluded. The Defendants further request this Court order that should the Plaintiff wish to introduce any document, photograph, video or the like not previously addressed by the pre-trial order into evidence, that the same be tendered to the court and opposing counsel outside the presence of the jury to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence.

VII. *"Send a Message "and/or Punishment Arguments.*

Counsel for the Plaintiff should not be allowed to make any damages arguments aimed at suggesting that the Defendants or their industry should be punished and deterred from any future conduct. Counsel may not argue or otherwise encourage the jury to "send a message" to IRT or the trucking industry in connection with an award of compensatory damages as such arguments are improper, irrelevant and substantially prejudicial. Fed. R. Evid. 401, 402, and 403.

VIII. *Medical Opinion Testimony by Lay Witnesses.*

Any testimony or opinions from lay witnesses based on scientific, technical or other specialized knowledge for which said witnesses do not have personal knowledge, training, and experience should be excluded. Lay witnesses can only testify and render opinions as to matters within the knowledge of ordinary people. Further, diagnosis of medical conditions or injuries are essentially medical questions that should be established by physicians as expert witnesses and not by laymen. Therefore, any such testimony related to medical conditions, including causation or Plaintiff's vocational abilities, rendered by a lay witness should be excluded at trial. Fed. R. Evid. 701 and 702; *Morton v. Horace Mann Ins. Co.*, 282 Ga. App. 734, 737, 639 S.E.2d 352, 356 (2006).

IX.     *Asking Jurors to Put Themselves in Plaintiff's Place.*

Any reference to the value of the case as if a juror were the Plaintiff is improper and should be excluded. This is the classic "golden rule" argument, which has been resisted under Federal law. Plaintiff's counsel should be ordered in limine not to make any such argument or suggestion to the jury during any phase of the trial. *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1071 n.1 (11th Cir. 1996); *Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir. 1976).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant these motions in limine.

This 18th day of August, 2020.

                                              WEINBERG, WHEELER, HUDGINS,
                                               GUNN & DIAL, LLC

                                               *Jason T. Vuchinich*
                                               David A. Dial
                                               Georgia Bar No. 220329
                                               Shawn D. Scott
                                               Georgia Bar No. 632230
                                               Jason T. Vuchinich
                                               Georgia Bar No. 537503
                                               *Attorneys for Defendants*

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326

404-876-2700
404-875-9433 (fax)
ddial@wwhgd.com
sscott@wwhgd.com
jvuchinich@wwhgd.com

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

This 18th day of August, 2020.

*Jason T. Vuchinich*
Jason T. Vuchinich

# CERTIFICATE OF SERVICE

I HERBY CERTIFY that the foregoing ***DEFENDANTS' OMNIBUS MOTION IN LIMINE AND BRIEF IN SUPPORT THEREOF*** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record, as follows:

R. Scott Campbell
SHIVER HAMILTON LLC
3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
scott@shiverhamilton.com

Michael E. Gumprecht
THE GUMPRECHT LAW FIRM
125 Townpark Drive #300
Kennesaw, Georgia 30144
michael@galawfirm.com

*Attorneys for Plaintiff*

This 18th day of August, 2020.

          By: <u>*Jason T. Vuchinich*</u>
             Jason T. Vuchinich