# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KALIE MUTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CIVIL ACTION |
| ) | FILE NO.: 1:19-cv-02623-LMM |
| INDIAN RIVER TRANSPORT, CO., ) | |
| AND DAVID HILL, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE

COMES NOW Plaintiff and responds to Defendants' Motions in Limine as follows:

### I.  Plaintiff's Future Medical Treatment

Defendants' motion is overly broad and places an evidentiary and prophetic burden upon Plaintiff that the law does not require. Evidence concerning a plaintiff's future medical treatment is relevant and admissible evidence and specificity or certainty as to the exact treatment that will be needed in the future is not necessary for the jury's consideration of such issue.

A plaintiff may present evidence concerning the seriousness of her injuries and the necessity for future medical treatment, whether by lay or expert testimony. *See Bennett v. Haley*, 132 Ga. App. 512, 514 (1974) (finding trial court's charge on plaintiff's right to recover future medical expenses permissible when "[t]here was medical and lay testimony confirming both the seriousness of plaintiff's injuries and the necessity for future medical expenses" and evidence of "bills from one doctor, itemized as to services, shows shots administered on various dates"). A plaintiff need not submit evidence as to the exact future treatment that is necessary, but instead, may simply submit evidence as to the ongoing nature of the injury and the likelihood that future treatment will be necessary. *Food Lion, Inc. v. Williams,* 219 Ga. App. 352, 355 (1995).

Kalie Mutter was 19 years old at the time of this wreck. Defendants' own expert Dr. David Gower concedes Ms. Mutter suffered two disc herniations in her lumbar spine as a result of this wreck, that these conditions persist, and that she would benefit from medical treatment. Dep. Gower p. 32-33, 54, 57-58, 71-72.[1] Ms. Mutter's treating surgeon Dr. Shahram Rezaiamiri testified as to the serious and ongoing nature of her condition. Dep. Rezaiamiri p. 33-36.[2] Plaintiff testified to

---

[1] Cited pages attached hereto as Exhibit A.

[2] Cited pages attached hereto as Exhibit B.

her ongoing back pain and she has continued to treat subsequent to her deposition and in the three years that have past since the wreck.

In *Hendrix*, the case Defendants primarily rely upon, "the jury had no evidence upon which to base awards for future medical expenses." 776 F.2d 1492, 1507 (11th Cir. 1985). That is not the case here where the jury will have evidence as to Plaintiff's permanent medical condition and her ongoing pain and dysfunction as well as the care and treatment she continues to seek and the costs associated therewith.

It is appropriate for the jury to hear evidence as to Ms. Mutter's permanent condition and ongoing pain and dysfunction as well as the treatment she has and continues to receive to attempt to manage her injury. Plainitff respectfully requests the Court accordingly deny Defendants' motion.

## II. Evidence Related to Plaintiff's Now-Dismissed as to Direct Liabilty Claims Against IRT

Plaintiff has no objection to this motion and it should apply equally to Defendants.

## III. Witness Statements Related to the Accident

This motion as drafted is too broad for the Court to rule on at this point. The documents Defendants seek to generically exclude on the basis of hearsay are not themselves inadmisible, and further, the purpose of which the documents or portions

thereof would be offered is necessary to assess any hearsay objection. While Defendant Hill has accepted responsibility for the wreck, his version of events is not consistent with some of the evidence set forth in the police report. Should Defendants seek to offer Hill's version of events at trial cross-examination highlighting the discrepancies between his testimony and what is reflected in the police report is appropriate. Otherwise, Plaintiff does not anticipate offering this evidence.

### IV. Financial Status of the Parties

Plaintiff has no objection to this motion and it should apply equally to Defendants.

### V. Admission of Evidence Not Previously Produced and Documents Not Previously Addressed in the Pretrial Order

With the exception of records related to treatment received subsequent to the entry of the Pretrial Order Plaintiff has no objection to this motion and it should apply equally to Defendants. Plaintiff will continue to promptly provide Defendants copies of records related to Plaintiff's ongoing treatment as they become available.

### VI. "Send a Message" and/or Punishment Arguments

Plaintiff has no objection to this motion.

### VII. Medical Opinion Testimony by Lay Witnesses

As drafted this motion is overly broad. Plaintiff does not oppose this motion to the extent it simply seeks to preclude Plaintiff from offering her own medical opinions. Plaintiff has no such opinions and agrees it would be inappropriate for her to offer any. However, Plaintiff will appropriately testify as to what she has experienced related to her physical condition and limitations and her understanding from her medical providers as to the nature of her injuries, her treatment options, and prognosis as such understanding explains her actions. *Pace v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 1:12-CV-3096-MHC, 2015 WL 11199154, at *7 (N.D. Ga. Feb. 3, 2015) (denying the defendant's motion in limine in part and permitting lay witnesses to "testify about their personal observations relating to the alleged ailments"). This also expressly includes a plaintiff's "fear and apprehension about his ability to labor in the future." *Pace*, No. 1:12-CV-3096-MHC, 2015 WL 11199154, at *9 (denying the defendant's motion in limine seeking to exclude the plaintiff's testimony concerning his present and future physical abilities based on his medical treatment).

### VIII. Asking Jurors to Put Themsevles in Plaintiff's Place

Plaintiff has no objection to this motion and it should apply equally to Defendants.

This 25th day of August, 2020.

Respectfully submitted,

                                **SHIVER HAMILTON, LLC**

                                By: /s/ R. Scott Campbell
                                R. Scott Campbell
                                Georgia Bar No. 142384
                                *Attorney for Plaintiff*

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
(404) 593-0020
(888) 501-9536 [Facsimile]
scott@shiverhamilton.com

                                **THE GUMPRECHT LAW FIRM**

                                /s/ Michael E. Gumprecht
                                Michael E. Gumprecht
                                Georgia Bar No. 903081
                                *Attorney for Plaintiff*

125 Townpark Drive #300
Kennesaw, Georgia 30144
(678) 800-1050
michael@galawfirm.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KALIE MUTTER, | ) |
|     Plaintiff, | ) ) ) |
| VS. | ) CIVIL ACTION ) FILE NO.: 1:19-cv-02623-LMM |
| INDIAN RIVER TRANSPORT, CO., AND DAVID HILL, | ) ) ) |
|     Defendants. | ) ) ) ) |

THIS IS TO CERTIFY that, pursuant to LR 5.1B, NDGa., the above document was prepared in Times New Roman, 14 pt.

                                By: /s/ R. Scott Campbell_____
                                R. Scott Campbell, Esq.
                                Georgia Bar No. 142384

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2020 I electronically filed the foregoing *Plaintiff's Response to Defendants' Motions in Limine* with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

David A. Dial, Esq.
Shawn D. Scott, Esq.
Jason T. Vuchinich, Esq.
Weinberg, Wheeler, Hudgins,
Gunn & Dial, LLC
3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326

**SHIVER HAMILTON, LLC**

By: /s/ R. Scott Campbell
R. Scott Campbell, Esq.
Georgia Bar No. 142384
*Attorney for Plaintiff*